IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NASON AND CULLEN, INC.<br>500 North Gulph Road<br>Suite 100<br>King of Prussia, PA  19406-0988<br>            Plaintiff,<br><br>     vs.<br><br>DELAWARE VALLEY DESIGNERS<br>& MANUFACTURERS, INC.<br>809 Hylton Road<br>Pennsauken, NJ  08110,<br>            Defendant. | CIVIL ACTION NO.:02-CV-3270 |

**MOTION FOR A MORE DEFINITE STATEMENT RELATING
TO THE COUNTERCLAIM FILED BY DEFENDANT,
DELAWARE VALLEY DESIGNERS & MANUFACTURERS, INC.
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e)</u>**

For the reasons set forth in the accompanying Memorandum of Law, Plaintiff/Counterclaim Defendant, Nason and Cullen, Inc., hereby moves to require Defendant/Counterclaim Plaintiff, Delaware Valley Designers & Manufacturers, Inc., to amend its Counterclaim to comply with the requirements of Federal Rule of Civil Procedure 12(e).

                                                    Respectfully Submitted,


                                                    _____
                                                    F. Warren Jacoby, Esquire
                                                    Rhonda M. Fulginiti, Esquire
                                                    COZEN O'CONNOR
                                                    1900 Market Street, 5th Floor
                                                    Philadelphia, PA  19103
                                                    (215) 665-2000
                                                    Attorneys for Plaintiff/Counterclaim
                                                    Defendant, Nason and Cullen, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICTOF PENNSYLVANIA

| | |
|---|---|
| NASON AND CULLEN, INC.<br>500 North Gulph Road<br>Suite 100<br>King of Prussia, PA  19406-0988<br>　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>DELAWARE VALLEY DESIGNERS<br>& MANUFACTURERS, INC.<br>809 Hylton Road<br>Pennsauken, NJ  08110,<br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.:02-CV-3270<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**AND NOW**, this _____ day of _____, 2002, upon consideration of Plaintiff/Counterclaim Defendant, Nason and Cullen, Inc.'s Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), **IT IS ORDERED** that the Motion is **GRANTED.**  Defendant/Counterclaim Plaintiff, Delaware Valley Design & Manufacturers, Inc., is hereby **ORDERED** to file an amended Counterclaim which complies with the pleading requirements of the Federal Rules of Civil Procedure within ten (10) days of the date of this Order.

**BY THE COURT:**


_____
Bruce W. Kauffman, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICTOF PENNSYLVANIA**

| | | |
|---|---|---|
| NASON AND CULLEN, INC. ) <br> 500 North Gulph Road ) <br> Suite 100 ) <br> King of Prussia, PA  19406-0988 ) <br>                   Plaintiff, ) <br>                   ) <br>          vs. ) <br>                   ) <br> DELAWARE VALLEY DESIGNERS ) <br> & MANUFACTURERS, INC. ) <br> 809 Hylton Road ) <br> Pennsauken, NJ  08110, ) <br>                   Defendant. ) | | CIVIL ACTION NO.:02-CV-3270 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT RELATING TO THE COUNTERCLAIM FILED BY DEFENDANT, DELAWARE VALLEY DESIGNERS & MANUFACTURERS, INC, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 (e)**

Plaintiff/Counterclaim Defendant, Nason and Cullen, Inc. (**"Nason and Cullen"**), by and through its attorneys, Cozen O'Connor, submits this Memorandum of Law in support of its Motion for a More Definite Statement relating to the Counterclaim Filed by Defendant/Counterclaim Plaintiff, Delaware Valley Designers & Manufacturers, Inc. (**"DVD"**).

**I.     PROCEDURAL HISTORY**

On June 2, 2002, Nason and Cullen instituted this action against DVD by filing a Complaint with this Court.  The Complaint contains two (2) Counts:  Count I is Nason and Cullen's breach of contract claim; and Count II is Nason and Cullen's negligent misrepresentations claim.  A copy of the Complaint is attached hereto as **Exhibit "A".**

On June 24, 2002, the parties filed a Stipulation that extended DVD's time to file an answer to the Complaint to July 23, 2002.  A copy of the Stipulation is attached hereto as **Exhibit "B".**

On July 17, 2002, DVD filed its "Answer to Complaint, Including Affirmative Defenses and Counterclaims"(**"Answer"**).  A copy of the Answer is attached as **Exhibit "C".**

The Counterclaim contains only seven paragraphs and fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure relating to the sufficiency of pleadings.  For the reasons set forth below, DVD should be required to amend its Counterclaim so that Nason and Cullen can make a reasonable attempt to frame a responsive pleading.

## II.    ARGUMENT

### A.    Pleading Requirements of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 8 sets forth the General Rules of pleading for original claims, counterclaims and third party claims.  Specifically, F.R.C.P. 8(a) provides as follows:

> "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded."  F.R.C.P. 8(a).

If the pleader fails to meet the requirements of F.R.C.P. 8(a), the party required to file a responsive pleading may file a motion for a more definite statement pursuant to F.R.C.P. 12(e).  Specifically, F.R.C.P. 12(e) provides that:

> "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.  If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to

which the motion was directed or make such order as it deems just." F.R.C.P. 12(e).

Nason and Cullen believes that DVD's counterclaim fails to meet the pleading requirements of F.R.C.P. 8(a) and, therefore, has filed the within Motion for a more definite statement pursuant to F.R.C.P. 12(e) so that it can properly frame a responsive pleading. Federal Courts in Pennsylvania will require a party to amend its pleading if it does not comply with the requirements of Federal Rules. <u>Arthur A. Aranson, Inc. vs. Ing-Rich Metal Products Co., et al.</u>, 12 F.R.D. 528 (1952).

As recited in <u>Aranson</u>,

> "Under the Federal Rules of Civil Procedure the function of the complaint [or counterclaim] is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved."

<u>Aranson,</u> 12 F.R.D. 528 at 530 (citing <u>Continental Collieries, Inc., V. Shober</u>, 130 F.2d 631, 635 (3rd Cir. 1942)). Nason and Cullen contends that DVD's counterclaim does not afford it "fair notice" of the nature and basis of DVD's claims against it.

Therefore, pursuant to the requirements of F.R.C.P. 12(e), Nason and Cullen has set forth in detail below the defects it believes are evident in DVD's counterclaim and the details it desires to see in the counterclaim prior to its filing a responsive pleading to DVD's counterclaim.

### B. Deficiencies in DVD's Counterclaim

#### 1. Failure to plead basis for Venue and Jurisdiction

DVD's counterclaim contains no allegations of Venue and Jurisdiction as is required by F.R.C.P. 8(a) and, therefore, fails to set forth any basis for this Court's jurisdiction over its counterclaims. As noted above, F.R.C.P. 8(a) requires DVD to include in its counterclaim a "short and plain statement of the grounds upon which the court's jurisdiction

3

depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it."

DVD may contend that this Court has jurisdiction by virtue of this Court's jurisdiction over Nason and Cullen's claim. However, DVD failed to incorporate by reference, or otherwise, the basis for jurisdiction that was set forth by Nason and Cullen in its Complaint. Further, although paragraphs 3 and 4 of Nason and Cullen's Complaint set forth its basis relating to this Court's jurisdiction over this matter, DVD responded to those paragraphs of the Complaint by denying them in its Answer. Specifically, DVD's response to paragraphs 3 and 4 of the Complaint read as follows: "Denied; no response is required as the allegations constitute a conclusion of law."

It is clear from DVD's denial of paragraphs 3 and 4 of the Complaint and DVD's failure to assert its own basis for the jurisdiction of this Court in its counterclaim, that Nason and Cullen cannot reasonably ascertain DVD's basis for jurisdiction over the counterclaim asserted in its Answer as is required by F.R.C.P. 8(a).[1]

Therefore, because DVD has failed to admit the jurisdictional averments in the Complaint, and has failed to set forth any basis for this Court's jurisdiction in its counterclaim, DVD should be required to set forth in its counterclaim the specific basis upon which it believes this Court has jurisdiction over any alleged claims raised in its counterclaim.

---

[1] Additionally, Nason and Cullen cannot ascertain the basis upon which DVD may be objecting to its averments relating to this Court's jurisdiction over the claims presented in the Complaint.

4

**2.     Failure to State Claim with Particularity as Required by F.R.C.P. 9(b)**

DVD's counterclaim contains only 7 paragraphs and they read as follows:[2]

> 86.   DVD incorporates all other paragraphs of this pleading by reference.
> 87.   As set forth above, DVD is owed monies by Nason under said contract.
> 88.   As set forth above, Nason has converted or otherwise wrongfully maintains possession of property belonging to DVD.
> 89.   By virtue thereof, Nason is in breach of said contract.
> 90.   In the alternative, Nason has converted property of DVD.
> 91.   By virtue of the conduct of Nason, DVD has been damaged.
> 92.   DVD expressly reserves the right to supplement and amend this pleading, including its affirmative defenses and counterclaims, as further information is obtained through formal or informal discovery related to this matter.

The averments of DVD's counterclaim fail to set forth which property Nason and Cullen has allegedly converted or wrongfully maintained. Additionally, DVD fails to state when such conversion took place. The contract between the parties (which is attached to Nason and Cullen's Complaint as Exhibit "A")[3], requires DVD to supply numerous items of millwork for the Project. Without knowing which items that DVD is alleging that Nason and Cullen is converting, Nason and Cullen cannot prepare a reasonable response to these averments in DVD's counterclaim.

Finally, DVD's counterclaim fails to set forth the amount of money it contends it is owed by Nason and Cullen. Paragraph 87 of DVD's counterclaim merely states that, "DVD is owed monies by Nason under said contract." There is no allegation contained in any paragraph of DVD's Answer (including in its counterclaim), which states the sum of money that DVD contends it is owed. As set forth in detail below, DVD's failure to properly plead its

---

[2] A copy of DVD's Answer and Counterclaim is also attached hereto as Exhibit "C".
[3] A copy of Nason and Cullen's Complaint is attached hereto (with exhibits) as Exhibit "A".

alleged damages (and/or special damages), is also a violation of the pleading requirements of F.R.C.P. 8 and 9.

### 3. Failure to Specifically Plead Items of Special Damage as Required by F.R.C.P. 8 and 9(g)

As noted above, F.R.C.P. 8(a)(3) requires that a party make a demand for judgment for the relief that the pleader seeks. DVD's counterclaim fails to set forth the amount it is allegedly owed and, therefore, there is no way for Nason and Cullen to know if the amount sought by DVD in its counterclaim meets the jurisdictional requirements of this Court.[4]

Additionally, to the extent DVD is alleging conversion of any of its property, F.R.C.P. 9 requires DVD to specifically set forth any circumstances relating to such conversion together with the details of any special damage allegedly suffered by DVD. See, F.R.C.P. 9(b) and 9(g). F.R.C.P. 9(g) provides that, "when items of special damage are claimed, they shall be specifically stated." In the instant case, DVD has not only failed to aver any specific facts regarding the alleged conversion or improper possession of its property, but it has also failed to aver anything regarding the damages it suffered as a result of the alleged conversion or improper possession. As a result, it is not possible for Nason and Cullen to reasonably respond to the allegations contained in DVD's counterclaim.

Therefore, DVD should be required to amend its counterclaim to conform with the pleading requirements relating to special damages as set forth in F.R.C.P. 8 and 9(g).

---

[4] DVD's counterclaim fails to set forth the amount in controversy as is required pursuant to 28 U.S.C.A. § 1332, and fails to admit Nason and Cullen's averments relating to the amount in controversy which are set forth in paragraphs 3 and 4 of its Complaint.

**III.     CONCLUSION**

For the reasons set forth herein, Plaintiff/Counterclaim Defendant, Nason and Cullen, Inc., respectfully requests that this Honorable Court grant its Motion for a More Definite Statement and enter an Order requiring the Defendant/Counterclaim Plaintiff, Delaware Valley Designers and Manufacturers, Inc., to amend its Counterclaim to conform with the pleading requirements of the Federal Rules of Civil Procedure.

          Respectfully Submitted,

_____
F. Warren Jacoby, Esquire
Rhonda M. Fulginiti, Esquire
COZEN O'CONNOR
1900 Market Street, 5th Floor
Philadelphia, PA  19103
(215) 665-2000
Attorneys for Plaintiff/Counterclaim
Defendant, Nason and Cullen, Inc.

Dated:  August 5, 2002

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICTOF PENNSYLVANIA

| | | |
|---|---|---|
| NASON AND CULLEN, INC.<br>500 North Gulph Road<br>Suite 100<br>King of Prussia, PA  19406-0988<br>          Plaintiff,<br><br>          vs.<br><br>DELAWARE VALLEY DESIGNERS<br>& MANUFACTURERS, INC.<br>809 Hylton Road<br>Pennsauken, NJ  08110,<br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:02-CV-3270 |

**CERTIFICATION OF SERVICE**

    I, Rhonda M. Fulginiti, Esquire, counsel for the Plaintiff, Nason and Cullen, Inc., do hereby certify that on the 5th day of August, 2002, I did serve a true and correct copy of Plaintiff's "Motion For a More Definite Statement Relating to the Counterclaim Filed by Defendant, Delaware Valley Designers & Manufacturers, Inc., Pursuant to Federal Rule of Civil Procedure 12(e)", upon counsel for the Defendant via Federal Express addressed as follows:

Kenneth S. Goodkind, Esquire
Flaster Greenberg
1810 Chapel Avenue West
Third Floor
Cherry Hill, NJ  08002

                                              _____
                                              RHONDA M. FULGINITI, ESQUIRE
                                              Attorney for Plaintiff:
                                              Nason and Cullen, Inc.

PHILA1\1671510\2 121059.000