IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NASON and CULLEN, INC., <br><br> Plaintiff <br><br> V. <br><br> DELAWARE VALLEY DESIGNERS & MANUFACTURERS, INC., <br><br> Defendant | : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION NO.: 02-CV-3270 <br> : <br> : <br> : <br> : <br> : |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT OF DEFENDANT'S COUNTERCLAIM**

Defendant/counterclaim plaintiff Delaware Valley Designers & Manufacturers, Inc. ("DVD"), by and through its undersigned counsel, submits this Memorandum of Law in opposition to the motion of plaintiff Nason and Cullen, Inc. ("Nason") for a more definite statement of DVD's Counterclaim.

**ARGUMENT**

Nason's motion is without substance or merit, and appears to serve only to delay the progress of this litigation. Should the Court disagree and determine to grant Nason's motion, DVD is confident that it can readily comply with the respective order of the Court. In the interests of brevity, DVD will only address the most pertinent points of the motion.

DVD shall reply Nason first argues that the Counterclaim is deficient for failing to plead venue and jurisdiction. This is a contract action, and DVD's counterclaim simply alleges in essence that Nason is in breach of the contract for which it seeks performance.

DVD submits that it is self-evident that the jurisdictional bases for the complaint and the counterclaim are the same, and DVD thus incorporated same by reference, as Nason partially

acknowledges. DVD denied Nason's jurisdictional and venue allegations because it is DVD's understanding that this is the proper way to respond to an allegation which states a conclusion of law. To put an end to this issue, DVD avers that jurisdiction is founded on diversity of citizenship (28 U.S.C. §1332) and that venue is proper in this District, and DVD respectfully requests that the Court deem the Counterclaim to so state.

Alternatively, it is clear that in all events this Court has jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1367 (Supplemental Jurisdiction). DVD apologizes to the Court for not explicitly so stating in the Counterclaim.

Nason next alleges that the counterclaim is not pled with particularity as required by FRCP 9(b). DVD cannot determine why that Rule is applicable to this case, since the allegations of the Counterclaim do not implicate fraud, mistake or condition of mind, which are the predicate allegations required to invoke the Rule.

Nason then incorrectly argues that the Counterclaim fails to specify which property Nason has converted. Paragraphs 77-79 of the Counterclaim identify this property as materials and shop drawings which DVD delivered to Nason pursuant to the contract at issue. Under federal concepts of notice pleading, this is more than sufficient. Although it would hardly seem that such could be the case, if Nason lacks knowledge and information sufficient to form a belief as to the truth of these allegations, Nason can so frame its responsive pleading. The same would apply to Nason's response concerning the balance of the payments owed to DVD by Nason under the contract.

Nason then claims that DVD has somehow failed to plead special damages with specificity. DVD is claiming a contract measure of damages, not special damages.

CONCLUSION

For the foregoing reasons, DVD respectfully requests that Nason's motion be denied and that the Court grant DVD such other and further relief as is just and proper. Alternatively, should the motion not be denied, DVD requests leave to amend the Counterclaim.

    Respectfully,

    **FLASTER/GREENBERG P.C.**
    Attorneys for Defendant/Counterclaim Plaintiff
    Delaware Valley Designers & Manufacturers, Inc.


    By: _____
        Kenneth S. Goodkind
    1810 Chapel Avenue West
    Cherry Hill NJ 08002
    856-661-1900