IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NASON and CULLEN, INC., : | | |
| Plaintiff : | | |
| V. : | CIVIL ACTION NO.: 02-CV-3270 | |
| DELAWARE VALLEY DESIGNERS : & MANUFACTURERS, INC., : | | |
| Defendant : | | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant Delaware Valley Designers & Manufacturers, Inc. ("DVD"), by and through its undersigned counsel, submits this Memorandum of Law in support of its motion to dismiss the complaint of plaintiff Nason and Cullen, Inc. ("Nason"), or in the alternative, for a more definite statement of Nason's claims.

**INTRODUCTION**

Nason has filed a two count complaint[1] based upon diversity of citizenship for (i) breach of contract and (ii) negligent misrepresentation. DVD filed an answer, including a counterclaim, to which Nason responded with a motion for a more definite statement. The Court granted Nason's motion, and thus DVD is required to file a further pleading in response to the complaint.

DVD is filing both an amended answer and counterclaim, as well as this motion to dismiss the complaint, or in the alternative, for a more definite statement, because it is not clear under FRCP 12 if DVD would be permitted to file just the motion. DVD respectfully requests that the

---

[1] In the interests of brevity, DVD incorporates by reference the filed complaint and its initial answer, rather than attaching additional copies hereto.

Court grant this motion and disregard the amended answer and counterclaim. Because DVD asserted the defenses set forth herein in its initial pleading (denying jurisdiction and stating "49: The Complaint should be dismissed as the allegations of fraud or misrepresentation are not stated with particularity."), DVD submits that its present motion is proper. Moreover, as this motion pertains in part to jurisdiction, DVD submits that it is timely in all events. (In the event the Court does not believe it can consider the motion, DVD will rest upon its amended answer and counterclaim.)

## ARGUMENT

### A. THE COMPLAINT FAILS TO PLEAD FRAUD WITH SPECIFICITY

Nason's complaint fails to comport with FRCP 9 (b), which provides that all averments of fraud must be stated with particularity, including the circumstances constituting such alleged fraud. FRCP's purpose is to avoid easily feigned allegations of fraud. Thus, the pleader is required to identify the person who made each fraudulent statement, the time, place and content of the misrepresentations, the resulting injury and the method by which the misrepresentation was communicated. Thus, Nason is required to inject precision and some measure of substantiation into its allegations of fraud. Conclusory allegations are plainly insufficient under FRCP 9. See 2 Moore's Federal Practice, §9.03[1] (Matthew Bender 3d Ed. 2000).

Here, Nason's allegations of misrepresentation are wholly conclusory and manifestly insufficient for purposes of FRCP 9. Those allegations appear in ¶¶ 7 - 12 of the complaint, which are incorporated by reference into both counts of the complaint and relied upon as a basis for each cause of action Nason has asserted. A cursory review of these allegations is sufficient to demonstrate that they are devoid of the identity of the person alleged to have made the representation, the time, place and content of the misrepresentation, and the method of

communication:

> 7.  Prior to entering int the Subcontract ..., DVD made certain material misrepresentations to [Nason] concerning its ability to perform the Work in accordance with and as provided in the Subcontract.
>
> 8.  Among other things, DVD misrepresented that it had the ability to perform work such as the Work , for a project such as [this].
>
> 9.  DVD further misrepresented that it had the ability to manage the performance and completion of the work.
>
> 10.  DVD further misrepresented that it followed plans with precision.
> 11.  DVD further misrepresented that its work would be executed by a team of experts with the expertise and technology to achieve excellence.
>
> 12.  DVD further misrepresented that it would complete the Work with outstanding workmanship and with a guaranteed delivery by the date stipulated.

### B.  THE COMPLAINT FAILS TO ALLEGE DAMAGES WITH SPECIFICITY, AND THUS DOES NOT ESTABLISH FEDERAL DIVERSITY JURISDICTION

DVD has also failed to state and quantify its damages with specificity, as required by FRCP 8 and 9(g).  This is, incidentally, the same basis on which DVD's motion for a more definite statement was granted.  Thus, while the complaint sets forth a myriad of elements of special damages in ¶ 23, Nason has failed to detail or quantify same.  (Indeed, many of these are not even recited in Nason's FRCP 26 Initial Disclosures.)  ¶ 23 claims, without further elaboration or specificity, that Nason:

> has suffered damages including but not limited to: (1) storage charges, (2) excessive inspection costs, (3) premium charges; (4) remobilization charges; (5) unnecessary overhead; (6) additional costs for out of sequence work; (7) increased time to manage the Work, ...; (8) increased labor costs and payments; (9) Project and trade contractor delays; (10) other payments, sots and expenses as set forth above [an obscure reference]; (11) the cost of competing the Work with other subcontractors and suppliers; (12) loss of further business opportunities with Philadelphia University; and (13) costs to construct temporary finishes and measures.

Although Nason sets forth in the following paragraph of its complaint a sum in excess of the jurisdictional requirement as its damages, that is wholly conclusory because it is premised upon ¶ 23, which is insufficient.  DVD cannot ascertain whether Nason's allegation of damages is jurisdictionally sufficient unless Nason is required to plead its damages with specificity.

## CONCLUSION

For the foregoing reasons, DVD respectfully requests that Nason's complaint be dismissed, and that the Court grant DVD such other and further relief as is just and proper.

        Respectfully,

        **FLASTER/GREENBERG P.C.**
        Attorneys for Defendant/Counterclaim Plaintiff
        Delaware Valley Designers & Manufacturers, Inc.


By: _____
     Kenneth S. Goodkind
     1810 Chapel Avenue West
     Cherry Hill NJ 08002
     856-661-1900

October 28, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NASON and CULLEN, INC., : <br> : <br> Plaintiff : <br> : <br> V. : <br> : CIVIL ACTION NO.: 02-CV-3270 <br> DELAWARE VALLEY DESIGNERS : <br> & MANUFACTURERS, INC., : <br> : <br> Defendant : <br> : | |

**DEFENDANT'S MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT OF
PLAINTIFF'S CLAIMS, PURSUANT TO FRCP 8, 9 AND 12**

For the reasons set forth in its accompanying memorandum of law, Defendant Delaware Valley Designers & Manufacturers, Inc., hereby moves to dismiss the complaint of Plaintiff Nason and Cullen, Inc. for failure to plead in accordance with the Federal Rules of Civil Procedure, or in the alternative, require Plaintiff to file a pleading which complies with the applicable Rules.

Respectfully,

**FLASTER/GREENBERG P.C.**
Attorneys for Defendant/Counterclaim Plaintiff
Delaware Valley Designers & Manufacturers, Inc.


By: _____
    Kenneth S. Goodkind
    1810 Chapel Avenue West
    Cherry Hill NJ 08002
    856-661-1900

October 28, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
NASON and CULLEN, INC.,                  :
                                         :
       Plaintiff                        :
                                         :
V.                                       :
                                         :   CIVIL ACTION NO.: 02-CV-3270
DELAWARE VALLEY DESIGNERS                :
& MANUFACTURERS, INC.,                   :
                                         :
       Defendant                        :
_____:

## ORDER

AND NOW, this ____ day of November, 2002, following review of Defendant's Motion to Dismiss the Complaint, or in the alternative, for a More Definite Statement, and Plaintiff's Opposition to the Motion, IT IS HEREBY ORDERED that the Motion is GRANTED.

The Complaint Be, and Hereby Is, Dismissed without Prejudice.

[Alternative]

Plaintiff shall have 10 days within which to file an Amended Complaint pursuant to FRCP 12(e).

BY THE COURT:


_____
JACOB P. HART
UNTIED STATES MAGISTRATE JUDGE


Copies faxed to:                 Copies mailed to:

   R. Fulginiti, Esq; K Goodkind, Esq.