## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NASON and CULLEN, INC., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | CIVIL ACTION NO.: 02-CV-3270 |
| DELAWARE VALLEY DESIGNERS | : | |
| & MANUFACTURERS, INC., | : | |
| | : | |
| Defendant | : | |
| | : | |

## AMENDED ANSWER TO COMPLAINT, INCLUDING
## AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Delaware Valley Designers & Manufacturers, Inc. ("DVD"), by and through its

undersigned counsel, as and for its amended answer to the complaint of Nason and Cullen, Inc.

("Nason") says with respect to the corresponding paragraphs of the complaint:

## PARTIES

1.     Denied; the allegations of this paragraph are not directed at DVD; to the extent a

further response is otherwise required, DVD lacks knowledge and information sufficient to form

a belief as to the truth of the allegations.

2.     Admitted.

## VENUE AND JURISDICTION

3.     Denied; no response is required as the allegations constitute a conclusion of law.

Upon information and belief, this Court lacks jurisdiction as Nason's damages are less than the

quantum required by 28 U.S.C. §1332.

4.     Denied; same response as prior paragraph.

## FACTUAL BACKGROUND

5.      Denied; no response is required as the allegations of this paragraph are not directed at DVD; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves.

6.      Denied; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves.  It is admitted only that the parties entered into Exhibit A in March 2001.

7.      Denied; it is expressly denied that DVD made any misrepresentations.

8.      Denied; it is expressly denied that DVD made any misrepresentations.

9.      Denied; it is expressly denied that DVD made any misrepresentations.

10.      Denied; it is expressly denied that DVD made any misrepresentations.

11.      Denied; it is expressly denied that DVD made any misrepresentations.

12.      Denied; it is expressly denied that DVD made any misrepresentations.

13.      Denied; it is expressly denied that DVD made any misrepresentations.

14.      Denied; it is expressly denied that DVD made any misrepresentations.

15.      Denied; no response is required as DVD lacks knowledge and information sufficient to form a belief as to what Nason thought; to the extent that a response is otherwise require, the allegations are denied; it is expressly denied that DVD made any misrepresentations.

16.      Denied; see prior responses.

17.      Denied; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.

2

18.    Denied; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.

19.    Denied; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.  It is admitted only that DVD provided Nason with delivery dates for materials.

20.    Denied; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.

21.    Denied; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.

22.    Denied; see prior answers.

23.    Denied; see prior answers.

24.    Denied; see prior answers.

25.    Denied; the allegations of this paragraph are not directed at DVD; DVD lacks knowledge and information sufficient to form a belief as to the truth of the allegations.

26.    Denied; see prior answers; no response is required as the allegations pertain to a

3

written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.

27.    Denied; see prior answers; DVD cannot respond in any event as the allegations are unintelligible; but as DVD can best understand them, no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law. To the extent that a response is otherwise required, the allegations are denied.

28.    Denied;  no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves. To the extent that a response is otherwise required, the allegations are denied.

29.    Denied;  no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves.

30.    Denied;  no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves.

31.    Denied;  no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves.

32.    Denied;  no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves.

33.    Denied;  no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves.

34.    Denied; see prior answers; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves;

no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.

**COUNT ONE**
**<u>Breach of Contract</u>**

35.    DVD incorporates all other paragraphs of this pleading by reference.

36.    Denied; see prior answers; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.

37.    Denied; see prior answers; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.

38.    Denied; see prior answers; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.

39.    Denied; see prior answers; no response is required as the allegations pertain to a written document of independent legal significance, the contents of which speak for themselves; no response is required as the allegations constitute a conclusion of law.  To the extent that a response is otherwise required, the allegations are denied.

## COUNT TWO
## Negligent Misrepresentation

40.     DVD incorporates all other paragraphs of this pleading by reference.

41.     Denied; it is expressly denied that DVD made any misrepresentations.

42.     Denied; it is expressly denied that DVD made any misrepresentations.

43.     Denied; it is expressly denied that DVD made any misrepresentations.

44.     Denied; it is expressly denied that DVD made any misrepresentations.

45.     Denied; it is expressly denied that DVD made any misrepresentations.

46.     Denied.

47.     Denied; no response is required as the allegations constitute a conclusion of law. To the extent that a response is otherwise required, the allegations are denied.

WHEREFORE, DVD prays that the Court enter judgment dismissing the complaint with prejudice against Nason, and that the Court award DVD its costs, including attorneys' fees, and grant DVD such other and further relief as to the Court may be deemed just and proper.

## AFFIRMATIVE DEFENSES

48.     The Complaint fails to state a claim upon which relief can be granted.

49.     The Complaint should be dismissed as the allegations of fraud or misrepresentation are not stated with particularity.

50.     DVD was fully qualified to perform all of its obligations under its contract with Nason in accordance with the terms thereof.

51.     DVD was fully qualified to perform all of its obligations under its contract with Nason in  a good and workmanlike manner.

6

52.    Without limitation, DVD was qualified to perform its work obligations, manage such performance and complete its work.

53.    DVD and its agents and employees possessed the requisite expertise and technology to perform its obligations under its contract with Nason.

54.    DVD complied with all its obligations under said contract, except to the extent that such performance was prevented, interfered with, or otherwise hampered by Nason.

55.    Nason was in breach of its obligations under said contract.

56.    Nason was in material breach of its obligations under said contract.

57.    As a result thereof, DVD was entitled to suspend any performance otherwise owing by it under said contract.

58.    Among the manners in which Nason breached said contract is Nason's failures to keep the Project on schedule.

59.    The Project was not being completed on schedule by reason of matters for which DVD is not responsible.

60.    The Project was not being completed on schedule by reason of matter for which Nason or those in privity with it (excluding DVD) is responsible.

61.    But for the conduct of Nason, DVD was ready, willing and able to perform its obligations under said contract.

62.    But for the conduct of third parties over which DVD had no control, DVD was ready, willing and able to perform its obligations under said contract.

63.    Nason could not have taken delivery of the cabinets and related materials provided by DVD under the said contract because the Project was behind schedule.

64.    At the time DVD was to otherwise provide its materials under said contract, the subject premises were not temperature controlled.

65.    Pursuant to said contract, DVD was not obligated to provide materials unless the Project were temperature controlled at the delivery time(s) provided in said contract.

66.    At the time DVD was to otherwise provide its materials under said contract, the windows and roof of the subject premises were not sealed/ finished or otherwise properly secured from the elements and weather.

67.    Pursuant to said contract, DVD was not obligated to provide materials unless the roof was completed and the windows fully installed.

68.    Nason was required to provide certain insurance coverages, including coverages for the benefit of DVD, prior to DVD being obligated to deliver materials.

69.    Upon information and belief, Nason did not have the required insurance.

70.    Nason did not provide DVD with evidence that it maintained the required insurance.

71.    By virtue of the foregoing acts and omissions of Nason, singularly or in combination, DVD was relieved of any obligation to render further performance under said contract.

72.    By virtue of the foregoing acts and omissions of Nason, singularly or in combination, Nason was in breach of its obligations under said contract.

73.    By virtue thereof, DVD was entitled to and justified in suspending any performance otherwise owing to Nason under said contract.

74.    Any damages which Nason may have suffered are the result of its own conduct.

75.    Any damages which Nason may have suffered are the result of the conduct of parties other than DVD.

76.    Nason failed to mitigate any damages it may have suffered.

77.    Nason's claims are barred by the doctrines of estoppel, unclean hands, laches and/or waiver.

78.    Nason has failed to return property, including materials and shop drawings, of DVD in Nason's possession, which Nason has no right to possess.

79.    DVD has demanded return of its property from Nason.

80.    Nason has failed and refused to return said property to DVD.

81.    Nason, without justification or right, has failed and refused to return said property to DVD.

82.    As a result thereof, DVD has been damaged by Nason.

83.    Nason has failed to pay DVD the monies DVD is entitled to under the said contract.

84.    Nason's claims are barred by the doctrine of offset.

85.    Nason's claim is barred if the principal contract provides for arbitration of disputes.

## COUNTERCLAIM

86.    DVD incorporates all other paragraphs of this pleading by reference.

87.    Jurisdiction is proper under 28 U.S.C. §1332 (diversity of citizenship), or alternatively, under principles of supplemental jurisdiction as provided in 28 U.S.C. §1367 if this Court has jurisdiction over Nason's complaint..

88.    As set forth herein, DVD is owed monies by Nason under said contract.

9

89.    DVD delivered goods and materials to Nason's job site, pursuant to the contract and Nason's request therefore, and Nason accepted such goods and materials and agreed to pay for same.

90.    The value of such goods is not less than $5000.

91.    Nason has retained, and upon information and belief used, DVD's shop drawings for Nason's own benefit, without the consent or authorization of DVD, and without paying DVD for same.

92.    The value of said shop drawings is not less than $2500.

93.    DVD has duly and timely submitted bills to Nason for services rendered and materials supplied under the contract in an amount not less than $7500.

94.    Although Nason owes said monies to DVD, Nason has refused and failed to pay such monies to DVD.

95.    By virtue of Nason's breach(es) of the contract, DVD has incurred shipping, restocking and other expenses related to the return of materials ordered for the subject project, which expenses are not less than $3,000.

96.    By virtue of Nason's breach(es) of the contract, DVD has lost profits it would have earned under the contract of not less than $30,000.

97.    By virtue of Nason's breach(es) of the contract, DVD has incurred overhead and administrative expenses for which it has not been compensated pursuant to the contract in an amount which DVD estimates is not less than $35,000.

98.    As set forth above, Nason has converted or otherwise wrongfully maintains possession of property belonging to DVD.

99.    By virtue thereof, Nason is in breach of said contract.

100.    In the alternative, Nason has converted property of DVD.

101.    By virtue of the conduct of Nason, DVD has been damaged.

102.    DVD EXPRESSLY RESERVES THE RIGHT TO SUPPLEMENT AND
AMEND THIS PLEADING, INCLUDING ITS AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS, AS FURTHER INFORMATION IS OBTAINED THROUGH FORMAL
OR INFORMAL DISCOVERY RELATED TO THIS MATTER.

WHEREFORE, DVD prays that the Court enter judgment in its favor and against Nason
in an amount equal to DVD's damages, plus punitive damages, interest, costs, and attorneys'
fees, and that DVD be granted such other and further relief as the Court deems just and proper.

**FLASTER/GREENBERG P.C.**
Attorneys for Defendant


By: _____
         Kenneth S. Goodkind

October 28, 2002

11