IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NASON AND CULLEN, INC. ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | CIVIL ACTION NO.:02-CV-3270 | |
| ) | | |
| DELAWARE VALLEY DESIGNERS ) | | |
| & MANUFACTURERS, INC. ) | | |
| Defendant. ) | | |
| ) | | |

**NASON AND CULLEN'S REPLY TO DEFENDANT'S MOTION TO DISMISS
COMPLAINT, OR IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT OF THE PLAINTIFF'S CLAIMS**

**I.     PRELIMINARY STATEMENT**

Defendant, Delaware Valley Designers & Manufacturers, Inc. (**"DVD"**), seeks to dismiss Plaintiff's, Nason and Cullen Inc.'s (**"Nason and Cullen's"**) Complaint (**"Complaint"**) over three months after filing an initial Answer.  The Federal Rules of Civil Procedure, however, prohibit a defendant from either filing a motion to dismiss or seeking a more definite statement after it has filed a responsive pleading.  Accordingly, DVD could have filed a proper motion to dismiss or sought a more definite statement had it done so before submitting its original Answer and Counterclaim in July, 2002.[1]  As such, the Court should preclude DVD from filing its untimely Motion to either Dismiss the claim or Seek a More Definite Statement.

Additionally, DVD even acknowledges in its Motion papers that the Federal Rules may prohibit it from filing its Motion after filing its Answer and its Amended Answers.

---

[1] It is also important to note that, at the same time DVD filed the instant Motion to Dismiss, it filed an Amended Answer and Counterclaim.  This duplicate filing of a Motion to Dismiss and an Amended Answer is also prohibited by the Federal Rules.

Assuming arguendo, that DVD has filed a timely Motion to Dismiss, which it has not, the Motion should not be granted because Nason and Cullen has alleged both its claims and damages with the requisite specificity required under the Federal Rules of Civil Procedure. Thus, apart from being untimely, DVD's attempt to dismiss the above captioned matter or seek a more definite statement lacks any merit whatsoever.

## II. PROCEDURAL HISTORY

On June 2, 2002, Nason and Cullen instituted the present action against DVD by filing a Complaint with this Court. The Complaint contained two counts: Count I relates to Nason and Cullen's breach of Contract Claim; and Count II relates to Nason and Cullen's negligent misrepresentations claim.

On July 17, 2002, DVD filed an Answer and a Counterclaim to Nason and Cullen's Complaint. Upon receiving DVD's Answer and Counterclaim, Nason and Cullen filed a Motion for a More Definite Statement as to DVD's Counterclaim. This Court granted Nason and Cullen's Motion for a More Definite Statement on October 22, 2002. A copy of this Court's Order granting Nason and Cullen's Motion is attached hereto as **Exhibit "A."**

Now, nearly five months after Nason and Cullen filed its Complaint, and over three months after DVD submitted its original Answer, DVD seeks to dismiss the present action or obtain a more definite statement, despite the fact that this Court has already entered an Order requiring DVD to file an amended Answer and Counterclaim.[2]

---

[2] It does not appear to be a coincidence that DVD filed this Motion only days after this Court entered its Order requiring it to file an Amended Answer and Counterclaim.

### III.  ARGUMENT

**A.  The Federal Rules of Civil Procedure Prohibit DVD from Filing a Motion to Dismiss, or from Seeking a More Definite Statement Over Three Months After Filing an Answer.**

The Federal Rules of Civil Procedure require that a party must file either a motion to dismiss pursuant to Rule 12 (b)(6) or a motion for a more definite statement pursuant to Rule 12(e) before submitting a responsive pleading.[3] In particular, Rule 12(b) states that a motion to dismiss "**shall be made before pleading** if a further pleading is permitted." Fed. R. Civ. P. 12(b). (emphasis added).  Rule 12(e), which governs the standards for obtaining a more definite statement, sets forth that a "party may move for a more definite statement **before interposing a responsive pleading**." Fed. R. Civ. P. 12(e) (emphasis added).  Thus, contrary to DVD's assertions, Rule 12 is extremely clear in prohibiting a party from filing either a motion to dismiss or a motion for a more definite statement after submitting responsive pleadings.

In defining the standard for seeking a more definite statement, Rule 12(e) states "[i]f a pleading to which a responsive pleading is permitted is **so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading**, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).  Under that Rule, DVD could have sought a more definite statement, prior to filing its original Answer, if Nason and Cullen's Complaint was so vague that it could not have possibly drafted a responsive pleading.

---

[3] DVD's Motion to Dismiss, or in the Alternative, for a More Definite Statement fails to specify the precise section of Rule 12 under which it seeks to dismiss the above referenced action or obtain a more definite statement.  Nason and Cullen assumes that DVD seeks to dismiss the claim under Fed. R. Civ. P. 12(b)(6), or alternatively seeks a more definitive statement under Fed. R. Civ. P. 12(e).

DVD, however, has managed to file responsive pleadings on two separate occasions over the course of the last several months. Specifically, DVD filed an Answer to Nason and Cullen's Complaint on July 17, 2002 and then filed an Amended Answer on October 28, 2002. Thus, DVD's effort to obtain a more definite statement lacks any merit as DVD has demonstrated twice that Nason and Cullen's Complaint is sufficiently clear to draft a responsive pleading.

Federal courts that have interpreted Rule 12(e) have consistently held that a party cannot move for a more definite statement after filing a responsive pleading. In <u>Clark v. Associates Commercial Corp.</u>, for instance, the court prohibited certain third party defendants from moving for a more definite statement after filing an answer. <u>See</u> 149 F.R.D. 629, 633 (D. Kan. 1993). In rendering its decision, the court acknowledged the inherent contradiction in granting a motion for a more definite statement after a party formulates a responsive pleading:

> Third party defendants . . . filed their amended motion for a more definite statement after filing a responsive pleading. Apparently, therefore, third-party defendants were able to frame a responsive pleading without further clarification from [the plaintiff]. The amended motion for a more definite statement is not authorized under Rule 12(e).

<u>Id</u>. In the present action, DVD has managed to craft two answers to Nason and Cullen's Complaint without any further clarification.

Similarly, in <u>Santana Products v. Sylvester Associates, LTD</u>, the court denied the defendant's motion for a more definite statement with regard to two particular claims after it had filed an answer. <u>See</u> 121 F. Supp. 2d 729, 738 (E.D.N.Y. 1999). Thus, these cases further underscore that a defendant cannot move for a more definite statement after filing an answer.

Finally, DVD's attempt to obtain a more definite statement represents an effort to both delay and obfuscate the present action. For instance, if the Court grants DVD's Motion for a More Definite Statement, Nason and Cullen would be forced to re-draft a Complaint that was

4

filed over five months ago. More importantly, DVD would have a third attempt to file an Answer (as well as a Counterclaim). Again, the Court has already ordered DVD to amend its Answer and Counterclaim, which resulted in DVD filing an Amended Answer. To force the Plaintiff to file an Amended Complaint after the pleadings have been closed would be unduly prejudicial to the Plaintiff at this stage of the litigation.[4]

As such, DVD's untimely Motion to Dismiss or Obtain a More Definite Statement represents nothing more than a transparent attempt to both delay and needlessly complicate this litigation.

      **B.**    **Nason and Cullen has Alleged Damages with Sufficient Specificity**.

Assuming that this Court decides to consider DVD's Motion, Nason and Cullen contends that the Motion should fail for several reasons.

First, Nason and Cullen's measure of damages is sufficiently specific to withstand DVD's untimely attempt to dismiss the litigation or seek a more definite statement. The Federal Rules of Civil Procedure merely require "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a)(2) and (a)(3). In analyzing the requisite specificity required under Rule 8, this Court has held that:

> **[t]he Rules establish a liberal system of notice pleading** for the purpose of providing the defendant with fair notice of the claim and the grounds supporting the claim. According to **this liberal standard**, complaints are only required to set forth a brief statement regarding the essential facts to establish liability.

---

[4] This Court's most recent Scheduling Order imposes very time sensitive deadlines on both parties which would be delayed by opening the pleadings. This would harm the Plaintiff because it will be forced to incur additional legal fees to re-draft and file an Amended Complaint after the pleadings have been closed.

Jopko v. City of Philadelphia, No. 02-CV-6555, 2002 U.S. Dist LEXIS 19393 at * 2 (E.D. Pa. Oct. 1, 2002) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)) (emphasis added).  A copy of this case is attached hereto as **"Exhibit B."**  Furthermore, the Supreme Court has concluded that "[t]his simplified notice pleading standard relies on liberal discovery rules and summary judgment motions" to expand upon issues and claims that a party raises in its pleadings. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)

In the present action, Nason and Cullen's Complaint lists all of its alleged damages and specifies the precise amount of money for which DVD should be held liable.  (See Plaintiff's Complaint at ¶¶ 23 and 24).  Furthermore, Nason and Cullen timely submitted its Rule 26(a)(1) Initial Disclosures, which further quantifies each of the particular damages that it lists in its Complaint.  A copy of Nason and Cullen's Initial Disclosures are attached hereto as **Exhibit "C."**

Thus, Nason and Cullen has thoroughly established its damages both in its Complaint and through the discovery process.[5]  In fact, it is difficult to imagine how Nason and Cullen can allege its damages any more specifically than it already has, particularly at this early stage of the litigation.

Second, DVD briefly references Rule 9(g) in arguing that Nason and Cullen's damages lack specificity.  Rule 9(g) requires that "when items of special damages are claimed, they shall be specifically stated."  Fed. R. Civ. P. 9(g).  Special damages, however, "are those that, although resulting from the commission of [a] wrong, are unusual for the claim in question and are not normally associated with the claim."  James Moore, 2 Moore's Federal Practice §

---

[5] It was not until November 8, 2002 that DVD finally served its Rule 26(a)(1) Initial Disclosures upon Nason and Cullen.

9.08[1][a] (3d. ed. 2002). For instance, damages for lost profits would be unusual in a torts case but would be completely common in a breach of contract case. See Avitia v. Metropolitan Club of Chicago, Inc., 49 F.3d 1219, 1226 (7th Cir. 1995).

In the present action, Nason and Cullen has alleged damages that are the direct result of DVD's misrepresentations and inability to perform its work in a professional manner. The damages that Nason and Cullen alleges, such as increased labor costs and lost business opportunities, are precisely the types of damages one would expect to arise in a breach of contract claim. Thus, there is nothing "special" or unusual about any of the damages that Nason and Cullen alleges in its Complaint. Moreover, DVD fails to cite a single case or posit a single argument that suggests that the types of damages that Nason and Cullen alleges are either specific or unusual for the breach of contract or negligent misrepresentation claims. As such, the specificity requirements set forth in Rule 9(g) are inapplicable to the present action.

C. **Nason and Cullen has Alleged its Negligent Misrepresentation Claim with Sufficient Particularity**

Nason and Cullen's negligent misrepresentation claim satisfies the particularity requirement set forth in Rule 9(b). The rule states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This Court, however, has taken an extremely liberal approach in construing the particularity language in Rule 9(b). For instance, in Bristol Township v. Independence Blue Cross, the Court held that:

> [t]he rule's purpose is to give notice to the defendant of the precise misconduct with which she is charged, and to protect her from any spurious charges of fraudulent or immoral behavior. **As long as there is some precision and some measure of substantiation in the pleadings, the rule will be satisfied**.

No. 01-4323, 2001 U.S. Dist LEXIS 16594 at * 14 (E.D. Pa. Oct 10, 2001) (emphasis added); see also Benigno v. Flatley, No. 01 CV-2158, 2001 U.S. Dist LEXIS 15925 at * 4 (E.D. Pa. Sept. 13, 2001) (holding that a pleading need not describe the "who what, when, and where" of the alleged fraud).  A copy of these decisions have been attached hereto as **Exhibits "D"** and **"E"** respectively.  Furthermore, the Third Circuit Court of Appeals has held that "focusing exclusively on the particularity requirement is 'too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules .'"  In re Craftmatic Securities Litigation, 890 F.2d 628, 645 (3d. Cir. 1989) (quoting C. Wright & A. Miller, 5 Federal Practice and Procedure § 1298, at 408 (1969)).  Thus, these cases underscore the extremely low threshold that a party must overcome to satisfy the particularity requirement in Rule 9(b).

In the present action, Nason and Cullen's Complaint more than adequately sets forth the precise nature of DVD's misrepresentations.  (See Plaintiff's Complaint  at ¶¶ 7-12).  Furthermore, Nason and Cullen cites the Subcontract between itself and DVD as the primary source of the misrepresentations contained in the Complaint. (See Plaintiff's Complaint at ¶ 7).  In challenging the particularity of Nason and Cullen's misrepresentation claim, DVD contends that the Complaint failed to identify the particular person who made the representation, and the time, place , and content of the misrepresentation.  Rule 9(b), however, does not require a party to specify "the date, time, and place" of the misrepresentation.  See Seville Industrial Machinery Corp. . Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984).  Rather, "plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  Id.  For instance, in Seville Industrial Machinery Corp., the plaintiff satisfied the particularity requirement by identifying several pieces of equipment that were the subject of the alleged fraudulent transaction.  See id.

Similarly, Nason and Cullen has precisely identified its increased expenses that have resulted from DVD's misrepresentations. Nason and Cullen has also identified the Subcontract as the source of the misrepresentations (e.g. DVD did not honor the explicit terms of the Subcontract as it represented it would do). As such, Nason and Cullen's negligent misrepresentation claim has been pled with sufficient particularity to withstand DVD's untimely Motion to Dismiss or seek a More Definite Statement.

## IV. CONCLUSION

DVD's Motion to Dismiss this action or obtain a more definite statement is barred by the Federal Rules of Civil Procedure due to the untimely manner in which it was filed. If DVD intended to file such a Motion, it was required to do so prior to filing its Answer to Nason and Cullen's Complaint (approximately five months ago). Before filing this untimely Motion, however, DVD has managed to answer Nason and Cullen's Complaint on two separate occasions. In fact, DVD even acknowledges that the rules may prohibit it from filing its Motion. As such, the Court should preclude DVD from attempting to dismiss this action or obtain a more definite statement.

Assuming arguendo, that this Court entertains DVD's Motion, it should still fail on its merits due to the specific nature of Nason and Cullen's allegations, as described above.

BY:_____
F. WARREN JACOBY, ESQUIRE
RHONDA M. FULGINITI, ESQUIRE
1900 Market Street, Fifth Floor
Philadelphia, PA 19103
(215) 665-2000
Attorneys for the Plaintiff,
Nason and Cullen, Inc.

Dated: November 12, 2002

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NASON AND CULLEN, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DELAWARE VALLEY DESIGNERS ) <br> & MANUFACTURERS, INC. ) <br> ) <br> Defendant. ) | CIVIL ACTION NO.:02-CV-3270 |

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing "Nason and Cullen's Reply To Defendant's Motion to Dismiss Complaint, or in the Alternative, for a More Definite Statement of the Plaintiff's Claims" in the above-captioned matter was served upon the following-named person on the 12th day of November, 2002, via Telecopier:

Kenneth S. Goodkind, Esquire
Jeffrey A. Cohen, Esquire
Flaster Greenberg
1810 Chapel Avenue West, 3rd Floor
Cherry Hill, NJ  08002
Telecopier Number (856) 661-1919

**COZEN O'CONNOR**

BY:_____
F. WARREN JACOBY, ESQUIRE
RHONDA M. FULGINITI, ESQUIRE
1900 Market Street, 5th Floor
Philadelphia, PA 19103
(215) 665-2000
Attorneys for the Plaintiff,
Nason and Cullen, Inc.

Dated: November 12, 2002
PHILA1\1729758\1 121059.000