**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NASON and CULLEN, INC., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | CIVIL ACTION NO.: 02-CV-3270 |
| DELAWARE VALLEY DESIGNERS | : | |
| & MANUFACTURERS, INC., | : | |
| | : | |
| Defendant | : | |
| | : | |

**RULE 26(a)(1) INITIAL DISCLOSURES OF**
**DEFENDANT, DELAWARE VALLY DESIGNERS & MANUFACTURERS, INC.**

Defendant, Delaware Valley Designers & Manufacturers, Inc., ("**DVD**"), by and through its undersigned counsel, Flaster/Greenberg P.C., hereby makes the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

(A)    The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

    1.    **Delaware Valley Designers & Manufacturers, Inc. (DVD)**

        809 Hylton Road
        Pennsauken, NJ 08110
        (856) 662-4800

        (a)    Saverio ("Sam") Lacroce, President – Has information on the bidding of the project, the work performed in connection with the project and the improper termination of DVD by Nason & Cullen. Mr. Lacroce also has information on the damages sustained by DVD as a result of Nason & Cullen's improper termination of DVD.

(b)  Ed Jesiolowski – Has information on the bidding of the project, the progress of the work performed in connection with the project and the improper termination of DVD by Nason & Cullen.  He also has information on the delays caused by other contractors and subcontractors on the Project, which delayed DVD's ability to perform its contract in conformance with the AWI standards and the contract specifications.

2.    **Nason & Cullen**

(a) Austin Carney – A Nason & Cullen estimator who is familiar with the estimated and actual project costs of the subcontract and contract work on the Project.

(b) Dave Oles - Has information on the bidding process, progress of work by all contractors and subcontractors, the contract specifications, project drawings, meetings of the parties on the Project and the wrongful termination of DVD.

(c) Susan Hamlin - Has information on the progress of work by all contractors and subcontractors, the contract specifications, project drawings, meetings of the parties on the Project and the wrongful termination of DVD.

(d) Don Cullen - Has information on the bidding process, formation of contracts, the progress of work by all contractors and subcontractors, the contract specifications, project drawings, meetings of the parties on the Project and the wrongful termination of DVD.

(e) Al Bendig - Has information on the progress of work by all contractors and subcontractors, the contract specifications, project drawings, meetings of the parties on the Project and the wrongful termination of DVD.

(f) Bill Decenzo – A Nason & Cullen Project manager, who is familiar with all aspects of the Project, including, but not limited to, status, progress and scheduling of the Project, as well information on any delays of any of the contractors or subcontractors.

3.    **Alan McIlvain Company**

(a)  Alan McIlvain – Has knowledge of the products ordered by DVD for use on the Project and the fact that products were available for delivery upon notification.

4. **Philadelphia University – Owner**

School House Lane and Henry Avenue
Philadelphia, PA 19144

(a) J. Thomas Beck, Assistant Vice President for Operations - Upon information and belief, Mr. Becker has information on the progress of work performed by all contractors and subcontractors, the bidding documents and the contract specifications.

5. **Other Witnesses**

Hillier Group supplied architects to the Project and, therefore, should have relevant knowledge of the specifications, project status, costs and work performed. IDEX, 2771 Rutherford Road, Concord, Ontario should have information on the availability of maple wood stock for the Project. In addition, other unidentified contractors and subcontractors were working on the Project. These contractors and subcontractors have information and knowledge on the delays caused by parties other than DVD. Defendant demands that Plaintiff provide the name, address and all documents related to the work performed and delays caused by such other parties.

(B)    A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

(1)    Correspondence between Defendant and Plaintiff
(2)    Correspondence between Defendant, Plaintiff and University
(3)    Project Schedules
(4)    Project Meeting Minutes
(5)    Change Orders
(6)    Change Order Requests
(7)    Internal Memorandum
(8)    Daily Job Reports
(9)    Plans and Specifications
(10)   Subcontracts
(11)   Contract with Owner
(12)   Shop Drawing Submittal for Millwork
(13)   Material orders

All of the above reference documents have been provided to Plaintiff's counsel.

(C)    A computation of any category of damages claimed by the disclosing party,

making available for inspection and copying as under Rule 34 the documents or other evidentiary

material, not privileged or protected from disclosure, on which such computation is based,

including materials bearing on the nature and extent of injuries suffered.

DVD has not made a final determination of its damages relating to the Plaintiff's breach of contract and improper termination of DVD from the Project.  However, DVD has incurred the following damages: costs of materials and goods delivered to the Project in excess of $5,000.00; costs for shop drawings in excess of $2,500.00; bills for services rendered and materials supplied in excess of $7,500.00; costs of shipping and restocking in excess of $4,730.00; and, overhead and administrative costs in excess of $35,000.00. Furthermore, DVD has suffered damages as a result of Nason & Cullen's failure to permit DVD to complete the Project, including, but not limited to lost profits in excess of $30,000.00.  DVD reserves the right to amend and supplement this calculation.

(D)    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Defendant is still in the process of determining if there was any applicable insurance coverage.  However, Defendant requests that Plaintiff provide any such coverage documents, including information of any Payment and Performance Surety Bonds as soon as possible, so that they can be joined as an additional party if necessary.

Discovery is continuing and DVD reserves the right to supplement its disclosure at a later date.

FLASTER/GREENBERG P.C

By: _____
Jeffrey A. Cohen, Esquire
Kenneth S. Goodkind, Esquire
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 382-2240
Attorneys for Defendant, Delaware Valley
Designers & Manufacturers, Inc.